Michael HABINIAK, Plaintiff–
Appellant

v.

Mario E. RAMIREZ, Jr., Judge; C. Wesley Kittleman, Attorney; Carlos Yzaguirre, Attorney; David J. Lumber, Attorney; James P. Grissom, Attorney; William A. Csabi, Attorney; The Kittleman, Thomas; Gonzalez Law Firm; The Guerra Law Group, P.L.L.C.; Texas National Bank; Arsenio Afaro; Heirberto Alaniz; Hector

Guerra, Sr.; Hector Guerra, Jr.; Candelario Ontiveros; Joe Quiroga; Abel Rodriguez; The Federal Deposit Insurance Corporation; The Office of the Comptroller of the Currency; Texas National Bank Board of Directors, Defendants–Appellees.

No. 14–41060
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 15, 2015.

Michael Habiniak, Mission, TX, pro se.

Kyle M. Smith, Assistant Attorney General, David Alan Harris, Esq., Assistant Attorney General, Office of the Attorney General, Austin, TX, Michael A. McGurk, Kittleman, Thomas & Gonzales, L.L.P., Rebecca Vela, Carlos Miguel Yzaguirre, Yzaguirre & Vela, P.L.L.C., David Hundley Jones, Law Office of David H. Jones, David Louis Guerra, Assistant U.S. Attorney, U.S. Attorney's Office, James Patrick Grissom, McAllen, TX, Duncan N. Stevens, Larry L. Goodman, Federal Deposit Insurance Coporation, Arlington, VA, John J. Wessling, Federal Deposit Insurance Corporation, Dallas, TX, for Defendants–Appellees.

David J. Lumber, Attorney, McAllen, TX, pro se.

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.[1]

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Although we affirm the district court's judgment without a full opinion, we do add the following brief comment. The appellant misconstrues the district court to have (1) held that the *Rooker–Feldman* doctrine precluded

it from adjudicating all of his claims and (2) nevertheless considered the merits of those claims. On the contrary, the district court did no such thing. It held that *Rooker–Feldman* precluded it from considering some claims but not others, and it considered the merits of only those latter claims not barred by *Rooker–Feldman*. Therefore, the sole argument presented in this appeal is without merit.